**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SIMA SENTER | * | |
|     Plaintiff, | * | |
| v. | * | Case No. 8:22-cv-2888 |
| LIMBACH FACILITY SERVICES, L.L.C., a Delaware Limited Liability Company | * * | |
|     Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Sima Senter, by and through her attorneys, Donald G. Quinn and the Quinn Law Group, alleges and states as follows:

**PRELIMINARY STATEMENT**

1. The Plaintiff, Sima Senter, brings this action against Limbach Facility Services, LLC, (the "Defendant") for violations of Title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. § 2000e) and Maryland law prohibiting wrongful discharge in violation of Maryland public policy.

2. Defendant hired Sima Senter on August 18, 2021 as Project Expeditor. During Plaintiff's tenure at Limbach Facility Services, LLC, she satisfactorily conducted her job duties and was not subject to any adverse actions or counseling due to her performance. Despite her satisfactory performance, Limbach retaliated against her. On August 12, 2022, after nearly a year of service to Limbach, Defendant summarily discharged Ms. Senter.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under Title VII. This court has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

## VENUE

4. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in Maryland and under 42 U.S.C. § 2000e-5(f)(3), because the relevant employment records are maintained in this district.

## CONDITIONS PRECEDENT

5. On August 8, 2022, Ms. Senter timely filed a charge of retaliation with the Equal Employment Opportunity Commission (EEOC).

6. On or about August 11, 2022, the EEOC issued Ms. Senter a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Ms. Senter has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## PARTIES

7. Ms. Senter resides in Reisterstown, Maryland. Plaintiff is a citizen of Maryland.

8. Ms. Senter is an employee, as defined by Title VII, and Md. Code, Lab. & Empl. §11-301(b). Ms. Senter worked for Limbach as a Project Expeditor in Laurel, Maryland from approximately August 18, 2021, through approximately August 12, 2022.

9. Upon information and belief, Limbach Facility Services, L.L.C. is a limited liability company formed under the laws of Delaware, with its headquarters located in Pittsburgh, Pennsylvania, and does business in Maryland. Limbach is an employer as defined by Title VII and Md. Code, Lab. & Empl. §11-301(c).

Limbach employed the Plaintiff in Maryland, and her primary working location was located within the State.

**FACTS**

10. Ms. Senter began working for Defendant on August 18, 2021 as Project Expeditor.
11. During her tenure, Ms. Senter completed her job duties and functions satisfactorily.
12. On several occasions, co-worker Ms. Samantha Mulai-Austin communicated with the Plaintiff using foul language and a harassing tone. For example, on July 20, 2022 and July 22, 2022, Ms. Mulai-Austin sent messages harassing the Plaintiff about shared job duties.
13. In addition, Ms. Mulai-Austin spoke disparagingly and harassingly to Ms. Senter while treating similarly situated employees more favorably than Ms. Senter.
14. As a result, on or around July 20, 2022, Ms. Senter complained to Colleen Claussen, HR Coordinator, about Ms. Mulai-Austin's harassing and hostile treatment. Specifically, Ms. Seter sent Ms. Claussen messages from Ms. Mulai-Austin to Plaintiff. Ms. Claussen responded that the supervisor was unavailable. However, thereafter, neither Ms. Claussen nor any other manager responded to this written complaint nor was there any indication that Defendant sought to investigate the incidents or otherwise take action to address the complaints.
15. On or around July 24, 2022, Ms. Senter again complained to Ms. Claussen about additional communications with Ms. Mulai-Austin that Plaintiff felt to be harassing and hostile. Specifically, Ms. Senter told Ms. Claussen that Ms. Mulai-Austin was sending Plaintiff internal instant messages which were causing her anxiety due to their rude and attacking tone, and that she did not believe Ms. Mulai-Austin treated other employees the same way. Ms. Claussen did not respond to this written complaint nor was there any indication that

    Defendant sought to investigate the incidents or otherwise take action to address the complaints.

16. As a result of Ms. Senter's complaint to Ms. Claussen, Defendant subjected Ms. Senter to unlawful retaliation. In particular, on July 26, 2022, Limbach informed Plaintiff that she was being discharged effective August 12, 2022.

17. Only two (2) and four (4) days, respectively, after Ms. Senter complained about the harassment and hostile work environment she was experiencing, on July 26, 2022, Defendant summarily fired Ms. Senter effective August 12, 2022. Defendant claimed they discharged Ms. Senter because her position was being eliminated. However, no other positions were being eliminated and Plaintiff only received this notice following her two complaints.

18. On information and belief, at the time Defendant fired Ms. Senter through present, no other employees have been discharged due to an elimination of position.

19. Attached hereto as Exhibit 1 is a true and correct copy of the Position Elimination Notice from Limbach.

**COUNT I**
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. §§ 2000e et al.)**

20. Ms. Senter repeats and realleges paragraphs 1 through 19 hereof, as if fully set forth herein.

21. On July 20, 2022 and July 24, 2022 Ms. Senter engaged in a protected activity when she complained to Ms. Claussen about Ms. Mulai-Austin's discriminatory and harassing treatment, which was causing her anxiety and in fear of a hostile working environment. Specifically, Ms. Senter told Ms. Claussen that Ms. Mulai-Austin was using a tone and language that was rude, unprofessional, and which was not utilized with other employees. Ms. Senter expressed that she was experiencing anxiety from these communications, however, neither HR nor management responded to these complaints.

22. On information and belief, neither Limbach nor Ms. Claussen investigated the complaint or otherwise took measures to address the treatment complained of.
23. On July 26, 2022, only two (2) and four (4) days after Ms. Senter complained of discrimination, harassment, and hostile work environment, Defendant informed Ms. Senter she was being discharged effective August 12, 2022 purportedly because Ms. Senter's position was being eliminated.
24. Defendant's stated reason for terminating Ms. Senter's employment is pretextual and baseless. Defendant fired Ms. Senter because she complained of discrimination, harassment, and hostile work environment on July 20, 2022 and July 24, 2022.
25. Ms. Senter suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.
26. Defendant intentionally violated Ms. Senter's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT II
**Unlawful Discharge In Violation Of Maryland Public Policy**

27. Ms. Senter repeats and realleges paragraphs 1 through 26 hereof, as if fully set forth herein.
28. On July 20, 2022, Plaintiff complained to Ms. Claussen in writing about the issues she was experiencing with another employee, Ms. Mulai-Austin.
29. On July 24, 2022, Plaintiff again complained to Ms. Claussen stating that she was being discriminated against, harassed, and was subject to a hostile work environment by the actions of Ms. Mulai-Austin.
30. Following her complaints, neither Limbach nor Ms. Claussen investigated or otherwise took steps to address the treatment complained of.
31. On July 26, 2022, two (2) and four (4) days after her complaint, Defendant informed the Plaintiff that her employment was terminated effective August 12, 2022 as the result of a position elimination.

> **Commented [AV1]:** Must show: even if not unlawful, it violated clear mandate of public policy - specific public policy indication must be made
>
> **Commented [AV2R1]:** 1) employer terminated employment, 2) the basis of discharge violated some clear mandate of public policy, 3) a nexus between employee's conduct and employer's decision to fire the employee (Wholey v. Sears Roebuck Md 2002 - Marley v. Kaiser Permanente Md 2021

32. On information and belief, no other employees were discharged based on a position elimination.
33. Maryland Public Policy, as explicitly stated in the Code of Fair Employment Practices, Md. Code Ann., State Govt. §§ 20-602, and Maryland common law, is to assure equal opportunity in employment and to prohibit discrimination in employment.[1]
34. Maryland law expressly prohibits retaliation against any employee who opposes prohibited practices.[2]
35. Defendant's proffered reason for discharging the Plaintiff was pretext for retaliation following her protected activity of complaining to the employer, through Ms. Claussen, based on her belief that she was experiencing discriminatory treatment, harassment, and hostile work environment.
36. Defendant's wrongful discharge of Plaintiff as a result of her engagement in a protected activity is against the public policy of Maryland.
37. Ms. Senter suffered damages as a result of Defendant's unlawful discharge actions emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

B. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

C. Award to Plaintiff compensatory damages;

D. Award to Plaintiff punitive damages; and,

E. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

---

[1] *See* Exec. Order No. 01.01.2007.16, Art. 1(D).
[2] *See* Md. Code Ann., State Govt. §§ 20-606(f).

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims properly triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 24 U.S.C. Section 1981a.

Dated: 11/7/2022                                    Respectfully Submitted,

/s/ Donald Quinn
Donald Quinn, Fed. Bar No. 22324
820 Ritchie Highway, Suite 265
Severna Park, Maryland 21146
(443)455-1967
donquinn@thequinnlawgroup.com
*Attorney for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th Day of November 2022, the Foregoing Complaint was mailed by Registered Mail Restricted Delivery to

Corporation Services Company
251 Little Falls Drive
Wilmington, Delaware 19808
*Registered Agent*

And

Limbach Facility Solutions L.L.C.
797 Commonwealth Drive
Warrendale, PA 15086

/s/ Donald Quinn
Donald Quinn